# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMIRA RANDOLPH and FOREMAN SALMOND, | : : : | Civil No. 1:17-CV-786 |
| Plaintiff | : : | (Judge Kane) |
| v. | : : | (Magistrate Judge Carlson) |
| FCI ALLENWOOD, et al., | : : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

### I.   **Statement of Facts and of the Case**

This *pro se, in forma pauperis* civil lawsuit comes before us for an initial screening review. The plaintiff, Samira Randolph, is a Harrisburg resident who is the fiancé of an inmate at FCI Allenwood, Foreman Salmond. (Doc. 1.) In her complaint, Randolph brings claims on behalf of herself and her fiancé, who has not signed or otherwise endorsed this *pro se* complaint. Specifically, Randolph alleges that prison officials have discriminated against her and Salmond, and retaliated against them, by limiting their physical contact visitation privileges in 2016. Yet, while she makes the allegations in her complaint, Randolph also recites facts in her complaint which seem to allege that she was informed that certain visiting

privileges had been curtailed due to: (1) inappropriate physical contact between Randolph and Salmond; (2) inappropriate attire worn by Randolph on one occasion; and (3) the discovery of contraband, a computer flash drive concealed in Randolph's brassiere, something that Randolph alleges she had completely forgotten about when she attempted to enter this prison. (Id.)

After making these allegations, Randolph names the following individual and institutional defendants: FCI Allenwood, Federal Bureau of Prisons, Warden Spaulding, and Correctional Officers Dobson, Lyons and Opperman. (Id.) Randolph's complaint, however, does not clearly describe or delineate the actions allegedly undertaken by any of these individuals which she claims violated her constitutional rights. Instead, for the most part Randolph simply attaches extensive exhibits and copies of correspondence to her complaint in the apparent hopes that we will identify the legal claims that she believes reside within these documents.

Randolph then brings the following constitutional claims against these defendants: "2nd Amendment violations, illegal search and seizure, civil rights violations, 1983 federal abuse of power, retaliation/harassment, invasion of privacy." (Id.) Randolph has not paid the filing fee required by law and apparently wishes to pursue this case *in forma pauperis*. For the reasons set forth below, we will provisionally grant Randolph leave to proceed *in forma pauperis*, but

recommend that a number of the claims and defendants in this lawsuit be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint and assess whether the *pro se in forma pauperis* complaint fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S. Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a

3

> more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v.

Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the

plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct.. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct.. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not

entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, for the reasons set forth below, a number of the plaintiff's claims fail as a matter of law and should be dismissed.

## B. As a *Pro Se* Plaintiff Randolph May Not Represent Another Plaintiff

At the outset, in her complaint, Randolph purports to bring claims both on behalf of herself, and on behalf of another party who has not signed the complaint, her fiancé, Mr. Salmond, an inmate at FCI Allenwood. This she may not do. As a non-lawyer, Randolph is only authorized to represent her own interests in this case and is not empowered to "represent" the interests of other unrepresented parties. This rule is, first, prescribed by statute: "In all courts of the United States the ***parties may plead and conduct their own cases personally or by counsel*** as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). In keeping with this statutory language, the Third Circuit Court of Appeals has instructed that "a nonlawyer appearing pro se [is] not entitled to play the role of attorney for other *pro se* parties in federal court." Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) (holding father not authorized to represent the legal interests of his children in federal court, and vacating judgment that had been entered against unrepresented children); see also Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991) ("It is a well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in a federal court."); cf. Fed. R. Civ. P. 11(a) (requiring that all pleadings, motions, and submissions to federal courts be signed by an attorney

8

of record, or by the unrepresented party himself or herself). See Liptok v. Bank of Am., No. 3:15-CV-156, 2016 WL 6818362, at *3 (M.D. Pa. Oct. 20, 2016), report and recommendation adopted, No. 3:15-CV-156, 2016 WL 6780757 (M.D. Pa. Nov. 16, 2016). Accordingly, to the extent that Randolph seeks to bring this action on behalf of another party she may not act in this role and the claims she attempts to bring on behalf of others should be dismissed.

    **C.**   **Randolph May Not Bring a Section 1983 Action Against Federal Officials**,

Likewise, Randolph's complaint alleges that she is bringing a "1983 federal abuse of power, retaliation/harassment, invasion of privacy" claim against the federal prison officials. Assuming that the reference to "1983" is meant to assert a claim under 42 U.S.C. §1983, this claim also fails as a matter of law for a single, simple reason: this civil rights statute does not apply to federal officials. Section 1983 provides that:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983 (emphasis added).

Given the scope of the actors embraced by this statute, which is confined to state actors, § 1983 claims can only be asserted against defendants accused of

9

acting under color of state law, and § 1983 typically does not apply to federal officials. District of Columbia v. Carter, 409 U.S. 418, 425, 93 S.Ct.. 602, 34 L.Ed.2d 613 (1973); Hindes v. F.D.IC., 137 F.3d 148, 158 (3rd Cir.1998) (citing cases). Therefore, any §1983 claims against these federal officials should be dismissed.

### D. Randolph's Second Amendment Claim Fails

Randolph also alleges in this complaint that she is bringing this action under the Second Amendment to the United States Constitution. This Second Amendment claim warrants only brief consideration. The Second Amendment to the United States Constitution provides that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Nothing in the well-pleaded facts set forth in Randolph's complaint seems to even remotely implicate the constitutional right to bear arms. Therefore, this claim also fails and should be dismissed.

### E. Randolph May Not Bring Constitutional Tort Claims Against the Bureau of Prisons

Furthermore, the gist of Randolph's complaint is her allegation that the defendants have violated her constitutional rights through their restrictions on her prison visitation rights. To the extent that Randolph attempts to bring a

constitutional tort claim against a federal agency, the Federal Bureau of Prison, her complaint runs afoul of a settled legal principle: sovereign immunity. Constitutional tort lawsuits can only be lodged against individual government officials. Indeed, it is well-settled that constitutional tort actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity. FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States). Therefore, a constitutional tort action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity. Accordingly, Randolph's claims against the federal agency defendants, the Bureau of Prisons and FCI Allenwood, are also subject to dismissal.

## F. Randolph's Complaint Does Not Clearly Identify Culpable Actors

Finally, in the caption of her complaint Randolph lists a number of individual defendants; however, the body of her complaint does not set forth well-pleaded facts identifying who these defendants are and what they are alleged to have done that violated her constitutional rights. More is needed here to state a claim upon which relief may be granted. In order to state a constitutional tort claim the plaintiff must show that the individual defendants actively deprived her of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In sum:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct.. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Randolph simply has not alleged well-pleaded facts allowing us to determine who among these named defendants has taken actions which transgressed her rights, In particular, Randolph's curious pleading style of naming these individual defendants in the caption of the case, but not describing their conduct by name in the body of this pleading, and instead simply attaching voluminous exhibits to the complaint in the apparent hope that we will be able to ferret out the elements of a cause of action against these defendants, is legally insufficient to state a claim. See Walthour v. Child & Youth Servs., 728 F. Supp.

13

2d 628, 636 (E.D. Pa. 2010)(dismissing claims against defendants only identified in exhibits attached to complaint). This cursory style of pleading is plainly inadequate to state a claim against the individual defendants and compels dismissal of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

### G. **The Complaint Should be Dismissed Without Prejudice**

In sum, in its current form this complaint fails to state a claim upon which relief may be granted. While this screening merits analysis calls for dismissal of this action, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

## III. Recommendation

Accordingly, for the foregoing reasons, the Plaintiff's motion for leave to proceed *in forma pauperis* is provisionally GRANTED[1] but IT IS RECOMMENDED that the Plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

---

[1] If this case proceeds forward the plaintiff will be required to formally file a motion for leave to proceed *in forma pauperis*.

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of May, 2017.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge