**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMIRA RANDOLPH, : | |
|     Plaintiff : | |
| : | No. 1:17-cv-786 |
| v. : | |
| : | (Judge Kane) |
| FCI ALLENWOOD (MED), <u>et al.</u>, : | |
|     Defendants : | (Magistrate Judge Carlson) |
| : | |

**ORDER**

Before the Court in the above-captioned action are the April 24, 2018 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 24), recommending dismissal of Plaintiff Samira Randolph's amended complaint (Doc. No. 6), for failure to state a claim upon which relief can be granted, and Plaintiff's belatedly-filed May 14, 2018 objection to the Report and Recommendation (Doc. No. 25).[1] Specifically, Magistrate Judge Carlson recommends granting Defendants' motion to dismiss Plaintiff's claims for violations of the First and Fourth Amendments arising out of Plaintiff's attempts to visit her inmate-fiancé at the Federal Correctional Institution at Allenwood, Pennsylvania ("FCI-Allenwood").[2] (Doc. No. 24 at 11-

---

[1] Pursuant to Local Rule 72.2, an objection to a Report and Recommendation must be filed within 14 days of the filing of the Report and Recommendation. Accordingly, as the Report and Recommendation was filed on April 24, 2018, any objection to the pending Report and Recommendation was due, at the latest, by May 11, 2018. Thus, Plaintiff's objection is untimely. Notwithstanding its untimeliness, the Court will consider Plaintiff's objection.

[2] After the Defendants' motion to dismiss Plaintiff's amended complaint was briefed, but before Magistrate Judge Carlson issued his Report and Recommendation, Plaintiff filed a document entitled "amended complaint." (Doc. No. 23.) However, as Plaintiff previously filed an amended complaint in this matter after the issuance of an initial screening Report and Recommendation identifying defects in her original complaint, pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff was required to seek leave of court before filing another amended complaint, which she failed to do. <u>See</u> Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may

1

29.)

Having reviewed Plaintiff's two-page objection in conjunction with Magistrate Judge Carlson's Report and Recommendation, the Court is persuaded by Magistrate Judge Carlson's sound reasoning supporting his findings and recommendations, and finds that Magistrate Judge Carlson correctly and comprehensively resolved the substance of Plaintiff's objection in the Report and Recommendation itself. Accordingly, the Court will not write separately to address Plaintiff's objection, except as noted in the margin.[3]

---

amend its pleading only with the opposing party's written consent or the court's leave."). More importantly, a review of the document Plaintiff captions an amended complaint reveals that the document is not an amended complaint, but rather a listing of constitutional and statutory claims, many of which were previously asserted in the operative complaint in this matter and addressed by Magistrate Judge Carlson in the Report and Recommendation. Accordingly, the Court declines to consider that filing in connection with its review of Magistrate Judge Carlson's Report and Recommendation.

[3] In her objection, Plaintiff requests that if the Court is inclined to dismiss her complaint, it do so without prejudice, so that she can re-file her case in the near future with the assistance of an attorney. (Doc. No. 25 at 1.) This request for dismissal without prejudice is akin to a request that Plaintiff be permitted leave to amend her complaint. The Court notes that Plaintiff has already been given one opportunity to file an amended complaint after the issuance of an initial screening Report and Recommendation identifying defects in her original complaint (Doc. No. 4), resulting in her filing of the amended complaint that is the subject of the pending motion to dismiss. In general, "[a] district court should not dismiss a pro se complaint without allowing the Plaintiff leave to amend unless amendment would be futile." Hill v. Rozum, 447 F. App'x 289, 290 (3d Cir. 2011) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Here, the Court's review of Plaintiff's original complaint, amended complaint, and Magistrate Judge Carlson's Report and Recommendation compels dismissal with prejudice, as it is clear that permitting Plaintiff another opportunity to replead would be futile. Accordingly, the Court will dismiss Plaintiff's amended complaint with prejudice. See Hopkins v. Trenton Bd. of Educ., No. 17-cv-3232, 2018 WL 1243985, at *n.7 (D.N.J. Mar. 1, 2018) (dismissing case with prejudice because, after multiple chances to assert claims, any additional efforts would be futile).

**ACCORDINGLY**, on this 17th day of May 2018, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 24), of Magistrate Judge Carlson;

2. Plaintiff's objection (Doc. No. 25), is **OVERRULED**;

3. Defendants' motion to dismiss (Doc. No. 16), is **GRANTED**;

4. Plaintiff's amended complaint (Doc. No. 6), is **DISMISSED WITH PREJUDICE**; and

5. The Clerk of Court is directed to **CLOSE** this case.

                                                    s/ Yvette Kane
                                                    Yvette Kane, District Judge
                                                    United States District Court
                                                    Middle District of Pennsylvania